IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,149-01






EX PARTE BRIAN KEITH HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27498-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation in exchange for three years' deferred adjudication community supervision. He was later
adjudicated guilty and sentenced to twenty years' imprisonment. The Twelfth Court of Appeals
dismissed his appeal at Applicant's request. Horton v. State, No. 12-11-00069-CR (Tex. App. -
Tyler, September 7, 2011).

 Applicant contends, inter alia, that his counsel at adjudication rendered ineffective assistance
for various reasons. Applicant alleges that counsel did not consult with him before the adjudication
hearing, failed to present evidence to explain or rebut the alleged violations of the conditions of
community supervision, and failed to call Applicant's original probation officer to testify as a
character witness on Applicant's behalf. In addition, Applicant alleges that just before the
adjudication hearing, counsel brought to the attention of the adjudicating judge the fact that
Applicant was the son-in-law of a person against whom the judge had apparently filed a slander suit. 
Applicant alleges that after bringing this to the attention of the adjudicating judge, counsel failed to
request that the judge recuse himself from the proceedings. 

 On March 7, 2012, this Court remanded to the trial court to obtain affidavits, findings of fact,
and specific documents necessary to address Applicant's claims and to clarify other issues regarding
how Applicant could have been on deferred adjudication five years after his original three-year term
of probation was imposed. On July 13, 2012, this Court received findings of fact and conclusions
of law from the trial court, recommending that Applicant be granted a new adjudication hearing. 
However, the first supplemental record did not contain any of the documents requested in this
Court's original remand order. Nor did it appear that Applicant's counsel at adjudication was given
the opportunity to explain his actions. In addition, the trial court's findings of fact and conclusions
of law did not address all of the matters specified in the remand order. Therefore, this Court
remanded the case again on August 22, 2012 to obtain the necessary documents, affidavits and
findings.

 On July 5, 2013, this Court received the trial court's response to the second remand order. 
The trial court finds that the Motion to Adjudicate which led to Applicant's adjudication was filed
on December 3, 2010, and finds that the Motion to Adjudicate was never extended. The trial court
finds that adjudication counsel was ineffective for failing to request a continuance, and for failing
to call witnesses. However, the second supplemental record still contains no affidavit from
adjudication counsel or other indication that adjudication counsel has been afforded the opportunity
to explain his actions. The second supplemental record still does not contain any of the documents
which this Court's second remand order specifically required to be added to the record. The trial
court's finding that the Motion to Adjudicate was never extended does not address the question of
whether Applicant's original three-year period of deferred adjudication community supervision was
extended. There is still no explanation as to how Applicant was still on deferred adjudication five
years after he was given three years' deferred adjudication community supervision. The trial court's
supplemental findings of fact and conclusions of law are insufficient to address Applicant's
allegations. We are compelled, therefore to remand this case to the trial court for the third time.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 Whether or not the trial court elects to hold a hearing, it shall supplement the habeas record
with the following items:

 1) An affidavit from Applicant's counsel at adjudication, stating:

 a) whether counsel consulted with Applicant prior to the hearing on the motion
to adjudicate; 

 b) whether counsel obtained or presented any evidence to explain or rebut the
alleged violations of the conditions of community supervision;

 c) why counsel did not call Applicant's original probation officer to testify as
a character witness on Applicant's behalf;

 d) why counsel did not file a written motion requesting recusal of the
adjudicating judge before the adjudication hearing.


 2) All documents pertaining to the adjudication proceedings in this case, including the
State's motion to proceed to adjudication and a transcript of the proceedings leading
to the final adjudication of guilt. 


 3) All documents pertaining to any previous motions to adjudicate which did not result
in a final adjudication, and any previous motions or orders resulting in the extension
of Applicant's original three-year period of deferred adjudication community
supervision.


 The trial court shall make findings of fact and conclusions of law as to whether the
adjudicating court had jurisdiction to adjudicate Applicant guilty five years after he was placed on
three years' deferred adjudication community supervision. The trial court shall make findings as to
whether the performance of Applicant's adjudication attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 11, 2013

Do not publish